

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CECIL HOWARD,

    Petitioner,

v.

CYNTHIA M. NELSON, Warden,

    Respondent.

CIVIL ACTION NO.: CV508-002

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cecil Howard ("Howard"), an inmate currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Coffee County. Respondent filed an Answer-Response and a Motion to Dismiss. Howard has responded. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Howard was convicted, after a jury trial, in the Coffee County Superior Court of one count of aggravated child molestation and one count of child molestation on March

28, 2003. Howard was sentenced to 30 years' imprisonment on April 22, 2003. Howard filed a direct appeal with the Georgia Court of Appeals, and that court affirmed Howard's conviction and sentence on July 15, 2004. Howard v. State, 268 Ga. App. 558, 602 S.E.2d 295 (2004). Howard filed a state habeas corpus petition in the Bibb County Superior Court on April 8, 2005. After an evidentiary hearing on May 25, 2005, Bibb County Superior Court Judge Tommy Day Wilcox denied Howard's petition by order dated July 13, 2005. (Resp't's Ex. 3). Howard did not file an application for certificate of probable cause to appeal the denial of his habeas petition with the Georgia Supreme Court.

Howard filed the instant petition on December 27, 2007. Howard contends he is actually innocent of the offenses for which he was convicted, there was insufficient evidence presented at trial to convict him, he received ineffective assistance of counsel, and he was charged with and convicted of two (2) offenses based upon the same set of facts. Respondent asserts that Howard' petition was untimely filed and should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Howard's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Howard was found guilty after a jury trial in the Coffee County Superior Court on March 28, 2003, and he was sentenced on April 22, 2003. Howard filed a direct appeal, and the Georgia Court of Appeals affirmed his conviction and sentence on July 15, 2004. Howard had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Howard filed neither of these pleadings. Thus, his conviction became final on or about July 26, 2004. Ga. Ct. App. R. 37 (b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed). Because Howard's conviction became final on July 26, 2004, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

However, the applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138, 153 L. Ed. 2d 260 (2002) (internal citations omitted).

Howard timely filed a state habeas corpus petition in the Bibb County Superior Court on April 8, 2005. By that time, 258 days of the one year statute of limitations had elapsed. The Bibb County Superior Court denied Howard's requested relief on July 13, 2005. Howard then had thirty (30) days, pursuant to O.C.G.A. § 9-14-52(b)[1], to timely file an application for certificate of probable cause with the Georgia Supreme Court. Howard did not file an application for certificate of probable cause, and thus, there was nothing filed in the state courts which would continue to toll the applicable statute of limitations period. Howard did not file the instant petition until December 27, 2007, 896 days after his state habeas corpus petition was denied. Howard's petition was filed well outside of the one year statute of limitations available under 28 U.S.C. § 2244(d)(1), and Howard is not entitled to his requested relief.[2]

---

[1] If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. O.C.G.A. § 9-14-52(b).

[2] The undersigned notes Howard's contention that his illiteracy and his reliance on other inmates to assist him in filing pleadings with the Court constitute "exceptional circumstances" to permit his petition to be considered timely and finds the contention without merit. Equally without merit is Howard's contention that O.C.G.A. § 9-14-42(c), which allows a convicted person four (4) years to file a state habeas petition, is inconsistent with the procedural requirements for filing a section 2254 petition in federal court. Howard filed a state habeas petition well within this four year period, and it was denied nearly two and one half (2½) years prior to filing the instant petition. There was nothing pending in the state court which would toll the statute of limitations applicable to § 2254 petitions. See 28 U.S.C. § 2244(d)(2).

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Howard's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 15th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE